IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALLEN FOX,<br><br>             Plaintiff,<br><br>vs.<br><br>RANDY BLADES, TOM BEAUCLAIR,<br><br>             Defendants. | Case No. CV06-96-S-BLW<br><br>**MEMORANDUM ORDER** |

This case was reassigned to this Court to determine whether the Complaint should be summarily dismissal under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, the Court enters the following Order.

I.

REVIEW OF COMPLAINT

**A.  Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a

**MEMORANDUM ORDER  1**

Case 1:06-cv-00096-BLW   Document 9   Filed 04/14/06   Page 2 of 5

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.   Background**

Plaintiff challenges the Idaho State Correctional Institution (ISCI) policy that inmates receiving a Class "A" or "B" Disciplinary Offense Report (DOR) lose their hobbycraft privileges for six months. He alleges that this same policy is not in effect at Idaho Correctional Institution - Orofino (ICI-O), another minimum security institution. He asserts that the ISCI policy violates his constitutional rights.

**C.   Discussion**

Plaintiff's claims that denial of access to hobbycraft items is a violation of his freedom of expression under the First Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment do not find support in the law. There are no precedential cases providing that denial of hobbycraft or other nonessential recreational privileges as a form of legitimate punishment violates the Constitution. *Cf. James v. Milwaukee* County, 956 F.2d 696 (7th Cir. 1992); *Manley v. Fordice*, 945 F.Supp. 132, 136-37 (D.Miss.1996) ("[T]here is simply no right to television while incarcerated. . . . [S]uch items are luxuries, and any allowance of them in prisons is merely an altruistic act

**MEMORANDUM ORDER  2**

on the part of the Department of Corrections."). As to his First Amendment claim, Plaintiff's basic right to free speech is not inhibited in any way by his inability to engage in hobbies. Therefore, Plaintiff may not proceed on these claims.

Similarly, Plaintiff has stated no Fifth Amendment double jeopardy claim. Prison disciplinary proceedings are not criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Hence, they do not implicate the Double Jeopardy Clause. *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994). Again, there is no constitutional right to engage in hobbies in prison, and the denial of such a privilege has nothing to do with an inmate's conviction or sentence.

Plaintiff also asserts a Fourteenth Amendment due process claim. However, he has failed to show that he has a liberty interest in not being deprived of hobbycraft items as a disciplinary punishment; he has failed to show that he suffered an atypical or significant hardship compared to the conditions in the general population. As a result, he has no Fourteenth Amendment due process claim arising from his DOR. *See Sandin v. Connor*, 515 U.S. 472, 487 (1995); *cf. Wilkinson v. Austin*, 125 S.Ct. 2384, 2394-95 (2005) (an atypical and significant hardship was found where (1) almost all human contact was prohibited when an inmate was placed in the "Supermax" facility, (2) duration of the assignment was indefinite, *and* (3) assignment in Supermax disqualified an otherwise eligible inmate for parole consideration; but the Court noted that "any of these conditions standing alone might not be sufficient to create a liberty interest."); *cf. McKune v. Lile*, 536 U.S. 24 (2002) (using *Sandin* by analogy, the Supreme Court stated

**MEMORANDUM ORDER  3**

that a federal district court "must decide whether the consequences of an inmate's choice to remain silent are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not.").

Plaintiff also asserts an equal protection claim. Where a plaintiff does not allege the violation of a fundamental right or the existence of a suspect classification, prison officials need only show that their policies bear a rational relationship to a legitimate penological interest in order to satisfy the Equal Protection Clause. *See Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989). A mere showing of inequality is not enough to establish an equal protection violation. *See McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) (habeas corpus context). Where a case "does not rise to the level of invidious discrimination proscribed by the Equal Protection Clause. . . , the federal courts should defer to the judgment of the prison officials." *More v. Farrier*, 984 F.2d 269, 272 (8th Cir. 1993).

It is clear from Plaintiff's Complaint that prison officials require a forfeiture of hobbycraft privileges if an inmate receives a Class "A" or "B" Disciplinary Offense Report (DOR) as a deterrent to the type of behavior classified as an "A" or "B" offense. Deterrence of bad behavior in prison serves a legitimate penological interest. *See Overton v. Bazzetta*, 539 U.S. 126, 134 (2003) ("withdrawing . . . privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior"). That the same penalty is not used at a different minimum security prison, ICI-O, does not factor into the equal protection analysis where no fundamental right or

**MEMORANDUM ORDER  4**

suspect classification is involved and where a legitimate penological interest is served by the policy. Because the allegations of withdrawal of hobbycraft privileges for bad behavior does not rise to the level of invidious discrimination proscribed by the Equal Protection Clause, the Court shall defer to the judgment of the prison officials in this instance. *See More*, 984 F.2d at 272. As a result, Plaintiff's Complaint is subject to dismissal.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's case is dismissed with prejudice for failure to state a claim upon which relief can be granted.

DATED: **April 14, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM ORDER** 5